E-FILED
Monday, 13 August, 2018 01:18:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>Plaintiff, )<br>   )<br>v. )<br>   )<br>DAVID L. DUCKWORTH, )<br>   )<br>Defendant. ) | Case No.   11-cr-10061 |

## ORDER & OPINION

This matter is before the Court on a "Rule 60(b)(4) Motion for Relief from Void Judgment" filed by Defendant David L. Duckworth. (Doc. 27). For the reasons stated below, the motion is DISMISSED in part for lack of jurisdiction and DENIED in all other respects.

### BACKGROUND

On July 27, 2011, Defendant Duckworth was charged by information with money laundering, in violation of 18 U.S.C. § 1957, and bankruptcy fraud, in violation of 18 U.S.C. § 152(2). (Doc. 1). Defendant waived the indictment, and pleaded guilty to both counts on August 10, 2011. (Doc. 7). On February 8, 2012, Duckworth was sentenced to 51 months' imprisonment on each count to be served concurrently. He was also ordered to pay $1,765,410.98 in restitution.

On February 6, 2013, Duckworth filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, raising various ineffective assistance of counsel claims. *Duckworth v. United States*, 13-cv-1058 (C.D. Ill. 2013) (Doc. 1). On February 11, 2013, this Court entered an Order & Opinion dismissing Duckworth's § 2255

Motion with prejudice because Duckworth waived his right to file a collateral attack, including attacks that raised ineffective assistance claims, and because his ineffective assistance claims lacked merit. *Duckworth*, No. 13-1058 (Doc. 3).

Now before the Court is Duckworth's Rule 60(b)(4) motion "for relief from void judgment". (Doc. 27). Duckworth raises several anomalous arguments. Out of an abundance of caution, the Court ordered the Government to file a response, and on August 2, 2018, the Government did so. (Doc. 28). This matter is now ripe for decision.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment is void." FED. R. CIV. P. 60(b)(4). "'A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law.'" *Blaney v. West*, 209 F.3d 1027, 1031 (7th Cir. 2000) (quoting *Webb v. Dick James Ford,* 147 F.3d 617, 622 (7th Cir.1998)).

There are numerous reasons why Duckworth's motion cannot proceed. First, Duckworth argues that his plea agreement was void and that it violated his Due Process rights. Because these arguments attack the validity of Duckworth's conviction, his motion is, at least in part, construed as a successive collateral attack under § 2255. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it."); *United States v. Bechel*, 724 F. App'x 483, 485 (7th Cir. 2018) (Rule 60 motion arguing that judgment of conviction was void because a magistrate judge accepted the guilty plea

2

properly construed as successive § 2255 action). Because Duckworth has already brought a § 2255 motion and he has not obtained prior authorization from the Seventh Circuit Court of Appeals to file a second or successive motion, this Court is without jurisdiction to hear these claims.

Second, even if the Court had jurisdiction to hear Duckworth's claims, Duckworth waived his right to collaterally attack his conviction. Duckworth's plea agreement stated,

> 11. The defendant also understands that the defendant has a right to attack the conviction and/or sentence imposed collaterally on the grounds **that it was imposed in violation of the Constitution or laws of the United States**; **that he received ineffective assistance from his attorney**; **that the Court was without proper jurisdiction**; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands the rights under the statute. **Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to collaterally attack the conviction and/or sentence**. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives the right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include the right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

(Doc. 7, at 6-7) (emphasis added). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea

3

agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). The Seventh Circuit upholds and enforces such waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court "relied on a constitutionally impermissible factor (such as race)," the "sentence exceeded the statutory maximum," or the defendant claims "ineffective assistance of counsel in connection with the negotiation of [the plea] agreement." *Id.* (citations omitted).

The above-paragraph broadly and unambiguously states that Duckworth waived his right to collaterally attack his conviction, including claims that this Court was without proper jurisdiction and that he received ineffective assistance of counsel. Duckworth attempts to get around this waiver by arguing that his counsel provided ineffective assistance for "failing to investigate the court's jurisdiction." This bare-bones and unsupported claim is insufficient to get around the waiver provision. A petitioner attempting to overcome a waiver provision "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim." *Hurlow v. United States*, 726 F.3d 958, 966–67 (7th Cir. 2013). "Rather, he must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards. In other words, he must allege that the plea agreement was the product of ineffective assistance of counsel, or tainted by ineffective assistance of counsel." *Id.* (internal citations omitted). Duckworth does not allege any facts suggesting that his plea was "tainted" by counsel's ineffective assistance. In any event, Duckworth's claim that this Court lacked "all credentials required to issue a judgment" is not only waived, but patently absurd and without merit.

4

Finally, the remainder of Duckworth's claims are not only waived, but meritless. To address a few: Duckworth complains that he was not provided a "grand jury array to inspect the validity of the grand jury," and there was an absence of a return of an indictment in open court. But Duckworth waived a formal indictment, (Doc. 4), and elected to proceed on the basis of an information. Duckworth argues that his attorney provided ineffective assistance for failing to request grand jury materials but as described above, Duckworth waived his right to bring ineffective assistance of counsel claims, and his attorney cannot be ineffective for failing to request records that do not exist.

## CONCLUSION

For the reasons stated above, Duckworth's Rule 60(b)(4) Motion for Relief from Void Judgment (Doc. 27) is DISMISSED in part for lack of jurisdiction and DENIED in all other respects.

Entered this 13th day of August, 2018.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge